**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ELAINE L. CHAO, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR,
                                    :    CIVIL ACTION
            Plaintiff,
     v.                             :    No. 05-861 (KAJ)

UPTIME COMPUTER SERVICES, INC. and  :
SCUDDER INVESTMENTS,
                                    :
            Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DEFAULT JUDGMENT**

Plaintiff has filed her Complaint herein, and defendant Uptime Computer Services, Inc. ("Uptime") has failed to answer or otherwise defend against the Complaint.  The plaintiff has moved the Court to enter a default judgment in favor of the plaintiff and against defendant Uptime for failure to answer or otherwise defend against plaintiff's Complaint.  It appears by declarations filed of record that Uptime is the Plan Administrator and fiduciary of the Uptime Computer Services, Inc. SIMPLE 401(k) Plan ("the Plan"), and in that capacity at relevant times violated sections 404(a)(1)(A) and 404(a)(1)(B)of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), and that such violations have prevented the distribution of Plan assets to the participants and beneficiaries.

It further appears that ADP, Inc. ("ADP") and Deutsche Asset Management, Inc. ("DIMA") filed a letter Answer stating that defendant Scudder Investments is a "branding designation used in connection with various retirement plan services programs marketed by DIMA and for which ADP provides joint ADP-DIMA clients with various retirement plan recordkeeping and related services."  The Answer filed by ADP and DIMA also states that ADP

has a service agreement with Uptime under which ADP is authorized to follow directions from Uptime regarding disposition of Plan assets.  The Answer further states that, "Should this Court enter an Order that requires ADP to follow the directions of an independent fiduciary appointed by the Court to administer the Plan or serve as Plan trustee, ADP would abide by that Order."

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED by the Court:

1. That defendant Uptime is removed from its position as fiduciary with respect to the Plan and that David M. Lipkin ("Lipkin") is appointed as an independent fiduciary to administer the Plan in order to effectuate its termination, including the distribution of Plan assets to the participants and beneficiaries;

2. That for the services performed pursuant to this Default Judgment, the independent fiduciary shall receive $2,425.00 for fees and expenses;

3. That ADP, Inc. is directed to follow the directions of the independent fiduciary appointed by the Court to administer the Plan in order to effectuate its termination, including the distribution of Plan assets to the participants and beneficiaries.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that costs will be allowed the plaintiff against defendant Uptime Computer Services, Inc.


Dated: _____                              _____
                                               Hon. Kent A. Jordan
                                               United States District Judge