IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

ELAINE L. CHAO, SECRETARY OF LABOR,    :
UNITED STATES DEPARTMENT OF LABOR,
                                        :    CIVIL ACTION
            Plaintiff,
      v.                                :    No. 05-861 (KAJ)

UPTIME COMPUTER SERVICES, INC. and     :
SCUDDER INVESTMENTS,

                                        :
            Defendants

---

### DECLARATION OF FATHILA S. DOSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, Fathila S. Dosky, hereby state that I am an Investigator with the Washington District Office of the Employee Benefits Security Administration ("EBSA"), United States Department of Labor, and make this declaration in support of Plaintiff's Motion for Default Judgment pursuant to Section 1746 of Title 28 of the United States Code:

1.   In the course of my duties with EBSA, I was assigned to conduct an investigation of the Uptime Computer Services, Inc. SIMPLE 401(k) Plan (the "Plan") to determine whether any violations of Title I of the Employee Retirement Income Security Act of 1974 had occurred or were about to occur.

2.   My investigation has revealed the following facts:

   a.   Uptime Computer Services, Inc. ("Uptime") is currently a void corporation under the laws of Delaware and was involuntarily dissolved by the Delaware Secretary of State.

   b.   Uptime is the sponsor, Plan Administrator and a fiduciary of the Plan.



  c. The Plan is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

  d. ADP, Inc. ("ADP") has a service agreement with Uptime under which ADP is authorized to follow directions from Uptime regarding disposition of Plan assets.

  e. In 2002 Uptime ceased operations and stopped making contributions to the Plan.

  f. Since early 2005, Uptime has not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor has it appointed anyone to assume said responsibility.

  g. Since early 2005, the participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

  h. Under the terms of the Plan document, the Plan was to be terminated by Uptime upon Uptime's dissolution.

  i. Once the Plan is terminated, the terms of the Plan document require the trustee to distribute the Plan assets to the participants and beneficiaries.

The foregoing statements are true and correct to the fullest extent of my knowledge, information and belief. I so declare under penalty of perjury.

Date: 2/10/06

Fathila S. Dosky