IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

ELAINE L. CHAO, SECRETARY OF LABOR,   :
UNITED STATES DEPARTMENT OF LABOR,
                                      :    CIVIL ACTION
            Plaintiff,
                                      :    No. 05-861 (KAJ)
    v.

UPTIME COMPUTER SERVICES, INC. and    :
SCUDDER INVESTMENTS,

                                      :
            Defendants
---

**DECLARATION OF MARK V. SWIRSKY IN SUPPORT
OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Mark V. Swirsky, hereby state that I am an attorney with the Office of the Solicitor, United States Department of Labor, and make this Declaration in support of Plaintiff's Motion for Default Judgment:

1. I am the attorney of record in the above-captioned case and represent the plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor.

2. On December 31, 2005, plaintiff filed a Complaint against defendant Uptime Computer Services, Inc. ("Uptime"). Plaintiff also named Scudder Investments as a defendant in that Complaint pursuant to Fed. R. Civ. P. 19(a).

3. Because Uptime is a void corporation according to the Delaware Division of Corporations, service of the summons and complaint upon Uptime was effectuated by serving the Delaware Secretary of State pursuant to 8 Del. C. Ann. § 321(b). (See Attachment 1 appended hereto).



4. Uptime never filed an Answer to the Complaint or asserted any defense in this action as provided by the Federal Rules of Civil Procedure.

5. ADP, Inc. ("ADP") and Deutsche Asset Management, Inc. ("DIMA") filed a letter Answer stating that defendant Scudder Investments is a "branding designation used in connection with various retirement plan services programs marketed by DIMA and for which ADP provides joint ADP-DIMA clients with various retirement plan recordkeeping and related services."

6. The answer filed by ADP and DIMA also states that ADP has a service agreement with Uptime under which ADP is authorized to follow directions from Uptime regarding disposition of Plan assets.

7. The answer further states that, "Should this Court enter an Order that requires ADP to follow the directions of an independent fiduciary appointed by the Court to administer the Plan or serve as Plan trustee, ADP would abide by that Order."

The foregoing statements are true and correct to the fullest extent of my knowledge, information and belief. I so declare under penalty of perjury.

_____
Mark V. Swirsky

Date: February 15, 2006

U.S. Department of Labor

Office of the Solicitor
Suite 630 East
The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306

Reply to the Attention of: Sol # 057495
Telephone: (215) 861-5146

Facsimile:
(215) 861-5162

December 23, 2005

Attention: Service of Process
Secretary of State, Division of Corporations
401 Federal Street
Dover, DE 19901

Re.: *Secretary of Labor v. Uptime Computer Services, Inc., et al.*
<u>USDC D Del., Civil Action No. 05-861</u>

Dear Sir/Madam:

I am enclosing two copies of a Summons and Complaint in the above-referenced matter, and a check in the amount of $50, in order to effectuate service upon Uptime Computer Services, Inc. (a void Delaware corporation) pursuant to 8 Del. C. Ann. § 321(b).

Very truly yours,

Catherine Oliver Murphy
Regional Solicitor

By: /s/ Mark V. Swirsky
    Mark V. Swirsky
    Attorney

Enclosures

SOL:MVS:DF


Attachment 1 to Exhibit C